NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 13-3701

———————————

UNITED STATES OF AMERICA

v.

TYRENZO MORTON,

Appellant

———————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00055-001)
District Judge: Honorable Alan N. Bloch

———————————

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2014

Before: AMBRO, GREENBERG, and BARRY, Circuit Judges

(Opinion filed: June 18, 2014)

———————————

OPINION

———————————

AMBRO, Circuit Judge

Tyrenzo Morton pled guilty to escape after conviction, in violation of 18 U.S.C.

§ 751(a), and was sentenced to 42 months' imprisonment. He now appeals his sentence.[1]

We affirm.

## I.

In December 2012 Morton escaped from a community correction center where he was finishing serving a federal sentence. He has a serious and extensive criminal history. In 2005 Morton was convicted in Pennsylvania state court for possession of a firearm without a license. In 2006 he was indicted in federal court for being a felon in possession of a firearm. In 2007, while on pre-trial bond for the 2006 offense, he was again caught possessing a firearm and indicted on a second felon in possession charge. Morton was sentenced to 41 months' imprisonment for the 2006 offense and 57 months' imprisonment on the 2007 offense. It was while serving time for these offenses that he escaped from the community correction center.

Six weeks after escaping from the center, Morton was arrested during a traffic stop. He subsequently pled guilty to escape after conviction, in violation of 18 U.S.C. § 751(a). At sentencing, neither Morton nor the Government contested the Presentence Investigation Report's Guidelines calculation, which provided for a range of 15 to 21 months' imprisonment. However, the Government sought an upward variance to 60 months' imprisonment, the statutory maximum for a violation of § 751(a). Morton objected.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

At Morton's sentencing hearing in August 2013 the District Court explained that the Guidelines range was inappropriately low and that Morton's prior record called for an upward variance. (App. at 71-80.) As noted, the Court imposed a sentence of 42 months' imprisonment.

## II.

Morton claims that the sentence is procedurally and substantively unreasonable. We review both the procedural and the substantive reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). We must "ensure that the [D]istrict [C]ourt committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If the sentence is procedurally sound, we then consider if it is substantively reasonable given "the totality of the circumstances." *Id.*

Morton argues that the District Court failed to explain its reasons for imposing an upward variance and failed to consider meaningfully the § 3553(a) factors. However, as Morton admits, the District Court gave a lengthy explanation of the sentence. (App. at 71-80.) The Court reviewed the arguments by the Government and Morton and considered the § 3553(a) factors when it imposed the above-Guidelines sentence. (*Id.*)[2]

---

[2] Morton also argues that the sentence is procedurally unreasonable because the District Court did not follow the procedures for an upward departure described in § 4A1.3 of the

3

The Court determined that Morton's extensive criminal record, the evident failure of his prior incarceration to deter him from engaging in further criminal activity, his disregard for the law, and the risk he posed to the public, warranted an upward variance in his sentence. (*Id.* at 75-77.) That determination was neither procedurally nor substantively unreasonable. For these reasons, we affirm.

---

Sentencing Guidelines. However, as the Government correctly explains, Morton's reliance on § 4A1.3(a) is incorrect because that section deals with upward *departures*, whereas in this case the Government sought an upward *variance* based on the § 3553(a) factors. *See United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011) (explaining that a "departure" "diverges . . . from the originally calculated range 'for reasons contemplated by the Guidelines themselves,'" whereas a "variance" "diverges . . . from the Guidelines, including any departures, based on an exercise of the court's discretion under § 3553(a).") (internal quotation marks and citation omitted). The District Court clearly stated that it was varying upward based on the § 3553(a) factors. Therefore, § 4A1.3 is irrelevant. The Government claims that this argument was waived and should only be reviewed for plain error. As Morton loses no matter the standard of review, we need not determine that issue.

4