NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1487
_____

UNITED STATES OF AMERICA

v.

TYRENZO MORTON,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-16-cr-00209-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2018

Before:  SMITH, *Chief Judge*, McKEE and FISHER, *Circuit Judges*.

(Filed:  March 22, 2019 )
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Tyrenzo Morton pled guilty to escaping from custody after conviction and was

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

sentenced to forty-two months' imprisonment. He appeals the sentence on procedural and substantive grounds. We will affirm.

## I.

Morton has numerous convictions, including several for firearm offenses. While completing his sentence on a federal weapon charge in 2012, he was placed in the Renewal Center, a community corrections center (i.e., halfway house) in Pittsburgh. One day, Morton failed to return to the Renewal Center after work. He was eventually caught and charged with escaping from custody,[1] to which he pled guilty. The Government requested a sentence at the five-year statutory maximum,[2] but the court sentenced him to forty-two months, which was twice the upper end of the fifteen-to-twenty-one-month range under the U.S. Sentencing Guidelines.

While serving the final portion of this forty-two month sentence, Morton was again placed at the Renewal Center. After a dispute with a staff member, Morton climbed out the window and left, effectuating his second "walkaway" escape. Once again, Morton was caught and pled guilty to escape from custody. Once again, the Guidelines sentencing range was fifteen to twenty-one months' imprisonment. Once again, the Government requested an upward variance to the five-year statutory maximum. And once again, the District Court imposed a sentence of forty-two months. Morton appeals.

---

[1] 18 U.S.C. § 751(a).
[2] *Id.*

II.

The District Court had jurisdiction over Morton's "offenses against the laws of the United States."[3] We have jurisdiction to review the sentence.[4] We review de novo the question of whether Morton's due process rights were violated during the sentencing process.[5] We review the procedural and substantive reasonableness of a sentence for abuse of discretion, first "ensur[ing] that the district court committed no significant procedural error" and then determining whether the sentence is substantively reasonable given "the totality of the circumstances."[6]

III.

Morton first argues that the District Court committed procedural error and violated his due process rights by not making the required individualized sentencing assessment.[7] He contends that the court did not assess him individually because it read and referred to the record of the proceedings after his 2012 escape, including the sentencing transcript and this Court's non-precedential opinion affirming the sentence.[8]

---

[3] 18 U.S.C. § 3231.

[4] *Id.* § 3742(a); 28 U.S.C. § 1291.

[5] *United States v. Mack*, 229 F.3d 226, 231 (3d Cir. 2000) (citing *United States v. Joseph*, 996 F.2d 36, 39 (3d Cir. 1993)), *as amended* (Nov. 1, 2000).

[6] *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (citations omitted).

[7] *Id.*

[8] *United States v. Morton*, 569 F. App'x 107 (3d Cir. 2014).

The record shows that the District Court's assessment of Morton was highly individualized. The earlier proceedings were only part of the picture. The court also discussed: (1) the circumstances of Morton's offense, (2) his childhood and upbringing, including the tragic loss of his father, (3) his criminal and work history, (4) his incarceration, including his positive disciplinary record and participation in educational programs, (5) his letters of support, and (6) his "family ties and responsibilities and . . . what [he had] been doing to try to turn [himself] around."[9] Moreover, the District Court sentenced Morton based on his present circumstances: it stated that his positive behavior while incarcerated "sets [him] a little bit apart" from his situation at the prior sentencing.[10] This thorough, specific, and fact-based assessment shows that the court gave "meaningful consideration" to Morton's particular circumstances.[11]

Morton asserts that an "individualized assessment . . . must be supported by the district court's reasons for imposing the sentence in the instant case and not by a different district court's reasons for imposing an earlier sentence or this Court's opinion about Mr. Morton in his earlier case."[12] However, Congress has instructed that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a

---

[9] App'x 173.

[10] App'x 175.

[11] *United States v. Miller*, 833 F.3d 274, 285 (3d Cir. 2016) (quoting *Tomko*, 562 F.3d at 567).

[12] Reply Br. 4. We note that the earlier sentencing took place not before "a different district court[]," but the same court—the United States District Court for the Western District of Pennsylvania—albeit a different judge.

4

person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[13] We do not agree with Morton's assertion that "[i]t is fundamentally unfair to burden [him] with what was previously said about him by the courts, in a different case at a different time, to justify harsh sentencing (twice the highest end of the guidelines)."[14] Morton cites no authorities to support this proposition, and we fail to see the fundamental unfairness in considering the earlier proceedings, particularly because Morton does not argue that the record is unreliable.[15]

The District Court's review of the earlier proceedings was not procedural error because that information bore on factors the court was required to consider: Morton's "history and characteristics" and "the need for the sentence . . . to promote respect for the law, and . . . afford adequate deterrence."[16] The deterrence issue was especially important. Given that Morton violated the same law twice in succession, the prior proceedings provided insight into the need for deterrence.

---

[13] 18 U.S.C. § 3661; *see also United States v. Berry*, 553 F.3d 273, 279-80 (3d Cir. 2009) ("Sentencing courts have historically been afforded wide latitude in considering a defendant's background at sentencing." (citations omitted)); U.S.S.G. § 1B1.4 (court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law").

[14] Reply Br. 5.

[15] *See, e.g.*, *United States v. Paulino*, 996 F.2d 1541, 1547 (3d Cir. 1993) ("Regardless of this discretion to discover a broad range of information, however, the introduction of evidence at sentencing is subject to a due process standard of reliability." (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)).

[16] 18 U.S.C. § 3553(a)(1), (2).

5

Morton's second argument is that the District Court procedurally erred in failing to give meaningful consideration to his contention that an above-Guidelines sentence would create unwarranted disparity. For a court to demonstrate that it gave "meaningful consideration to the relevant § 3553(a) factors," including disparity, it "must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis."[17]

Morton cited two statistics to support his disparity argument: first, that only 1.7% of all defendants sentenced in the Third Circuit around that time received above-Guidelines sentences, and second, that defendants nationwide who committed similar crimes[18] and were in the same criminal history category received a mean sentence of sixteen months. At the sentencing hearing, the District Court stated twice that the sentence was not disparate because it was based on "all the facts and circumstances" of Morton's case.[19]

The legal merit of Morton's argument is questionable because "sentencing disparities are unreasonable only when the defendants are similarly situated."[20] First,

---

[17] *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007).

[18] Namely, crimes that fall under U.S.S.G. § 2P1.1, which is titled "Escape, Instigating or Assisting Escape."

[19] App'x 181-82 ("[T]his sentence, although an upward variance, isn't disparate because it relates to all the facts and circumstances of your case, it should deter you, it should deter others."); App'x 181-82 ("Relative to disparity, I don't believe this is a disparate sentence. I think it's based on all the facts and circumstances here.").

[20] *United States v. King*, 604 F.3d 125, 145 (3d Cir. 2010) (citing 18 U.S.C. § 3553(a)(6)).

Morton is not similar to all defendants sentenced in the Third Circuit for all offenses.

Second, the District Court appears to have considered Morton to be unlike other

defendants sentenced for similar crimes because he committed the crime twice. The court

explicitly found no disparity given Morton's particular circumstances,[21] and we agree

with this assessment. The District Court's "brief statement" was "sufficient" to indicate

its reasoning,[22] and there was no procedural error.

Morton's final argument is that his sentence was substantively unreasonable

because forty-two months' imprisonment does not comport with the parsimony provision

of § 3553.[23] The problem with this argument is that the forty-two-month sentence

imposed after Morton's 2012 escape turned out to be insufficient to deter him from

violating the same law a second time. Indeed, it might have been reasonable to conclude

that forty-two months was *less* than necessary to "promote respect for the law" and

"afford adequate deterrence."[24] We note, as did the District Court, Morton's difficult

circumstances and the extraordinary trauma he has experienced. Even so, we cannot

---

[21] App'x 181-82.
[22] *See United States v. Fumo*, 655 F.3d 288, 322 (3d Cir. 2011), *as amended* (Sept. 15, 2011); *see also United States v. Jackson*, 467 F.3d 834, 842 (3d Cir. 2006) (district court must address argument "in a way that allows us to review the sentence for reasonableness"), *as amended* (Nov. 17, 2006).
[23] 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [this section].").
[24] *Id.*

conclude that "no reasonable sentencing court would have imposed the same sentence on [this] particular defendant for the reasons the [D]istrict [C]ourt provided."[25]

## IV.

For the foregoing reasons, we will affirm.

---

[25] *Tomko*, 562 F.3d at 568.