**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3134

_____

UNITED STATES OF AMERICA

v.

LORENZO AGUIRRE-MIRON,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-18-cr-00521-001)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
September 24, 2020

_____

Before: AMBRO, PORTER, and ROTH,
*Circuit Judges*.

(Filed: February 23, 2021)

Abigail E. Horn
Brett G. Sweitzer
Leigh M. Skipper
Federal Community Defender Office
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
           *Counsel for Appellant*

Robert A. Zauzmer
Megan Curran
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
           *Counsel for Appellee*

_____

OPINION

_____

PORTER, *Circuit Judge*.

Lorenzo Aguirre-Miron pleaded guilty to five child-pornography crimes. When sentencing Aguirre-Miron, the District Court failed to group certain counts as required by the United States Sentencing Guidelines. The District Court's failure was a plain error that affected Aguirre-Miron's substantial rights, and, as explained below, we will exercise our discretion to cure the plain error. We will therefore vacate Aguirre-Miron's sentence and remand for resentencing.

2

**I**

Aguirre-Miron pleaded guilty to five child-pornography offenses: three counts of production, in violation of 18 U.S.C. § 2251(a), (e); one count of receipt, in violation of 18 U.S.C. § 2252(a)(2), (b)(1); and one count of possession, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).[1] At sentencing, the District Court adopted the Sentencing Guidelines calculations from the Presentence Investigation Report ("PSR").

The Sentencing Guidelines require grouping of certain closely related counts. The PSR grouped Aguirre-Miron's receipt and possession counts. But the PSR did not group Aguirre-Miron's three production counts; nor did it group the production counts with the receipt and possession counts. Thus, the PSR listed four groups of offenses.

After grouping the counts, the PSR determined that the offense level for the production counts was 38 and the offense level for the receipt and possession counts was 40. Relevant here, the receipt and possession offense level of 40 included a five-level pattern enhancement under U.S.S.G. § 2G2.2(b)(5). The District Court applied the pattern enhancement because Aguirre-Miron "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor" when he produced child pornography. U.S.S.G. § 2G2.2(b)(5).

---

[1] The conduct prompting Aguirre-Miron's indictment included the production of three video depictions of child pornography of the same minor on three different occasions, the knowing receipt of one image of child pornography, and the storage of thousands of pornographic images depicting children on two phones and in a Google account.

After calculating Aguirre-Miron's combined offense level under U.S.S.G. § 3D1.4 and accounting for other enhancements and reductions, the PSR arrived at an offense level of 46, which was capped by the Sentencing Guidelines at 43. *See* U.S.S.G. ch. 5 pt. A app. n.2. The resulting Guidelines sentence was 130 years' imprisonment—effectively life imprisonment.[2] The District Court then granted a one-level downward variance to offense level 42, which produced a Guidelines range of 360 months to life imprisonment. Finally, the District Court sentenced Aguirre-Miron to 360 months' imprisonment.[3]

Aguirre-Miron timely appealed. He challenges the PSR's four-level enhancement under U.S.S.G. § 3D1.4 because he believes that the production counts should have been grouped with his receipt and possession counts under U.S.S.G. § 3D1.2(c).

## II[4]

The only issue on appeal is whether the District Court miscalculated the Sentencing Guidelines range by not grouping the production counts with the receipt and possession counts under U.S.S.G. § 3D1.2(c). Because Aguirre-Miron did not

---

[2] We adopt the parties' practice of referring to the top of the Guidelines range as life imprisonment.

[3] Aguirre-Miron's sentence was 360 months' imprisonment on each of his production counts, 240 months' imprisonment on his receipt count, and 240 months' imprisonment on his possession count, each to run concurrently.

[4] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

object to the Guidelines range during his sentencing, we review his claim for plain error under Federal Rule of Criminal Procedure 52(b). *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

Under plain-error review, the defendant bears the burden of persuasion. *United States v. Olano*, 507 U.S. 725, 734–35 (1993). He must show that there is: (1) an error, (2) that is plain, and (3) that the plain error affects his substantial rights. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). If all three conditions are met, we may exercise our discretion to correct the forfeited error if it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* at 1905 (citation omitted).

**A**

At *Olano* prong one, "there must be an error that has not been intentionally relinquished or abandoned." *Id.* at 1904 (citation omitted). Because Aguirre-Miron did not intentionally relinquish his current challenge, our first task is to determine whether the District Court committed an error by failing to group counts under § 3D1.2(c).

A district court's first step at sentencing is "to calculate a defendant's Guidelines sentence." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). When a defendant is convicted of more than one count, a district court's calculation involves grouping together "[a]ll counts involving substantially the same harm." U.S.S.G. § 3D1.2. In relevant part, counts involve substantially the same harm "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c).

A pattern enhancement under U.S.S.G. § 2G2.2(b)(5) is a specific offense characteristic in child pornography cases. *See* U.S.S.G. § 2G2.2(b) ("Specific Offense Characteristics" heading). So, if a child-pornography defendant's offense level is increased five levels under § 2G2.2(b)(5) because he "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," then the counts leading to the pattern enhancement must be grouped under § 3D1.2(c).

Here, the offense level of Aguirre-Miron's receipt and possession counts was increased five levels because of a pattern enhancement based on the conduct embodied in his production counts. If the District Court had properly grouped the counts, Aguirre-Miron's final offense level would have been 42, resulting in a Guidelines range of 360 months to life imprisonment. Thus, by failing to group Aguirre-Miron's production counts with the receipt and possession counts, the District Court erred.

**B**

At *Olano* prong two, we must determine whether a district court's error was "plain—that is to say, clear or obvious." *Rosales-Mireles*, 138 S. Ct. at 1904 (citation omitted). The error must be clear under current law (either at the time of sentencing or on appeal). *See Johnson v. United States*, 520 U.S. 461, 467–68 (1997). The District Court's error was clear or obvious for two reasons.

First is the plain meaning of the Sentencing Guidelines. The Sentencing Guidelines require "[a]ll counts involving substantially the same harm" to be grouped. U.S.S.G. § 3D1.2. And counts involve substantially the same harm "[w]hen one of the counts embodies conduct that is treated as a specific

6

offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c). The conduct embodied by Aguirre-Miron's production counts was a specific offense characteristic leading to a pattern enhancement, so the production counts had to be grouped with Aguirre-Miron's receipt and possession counts under U.S.S.G. § 3D1.2(c). *Cf. United States v. Stinson*, 734 F.3d 180, 187 (3d Cir. 2013) ("That error was clear in light of the plain language of the relevant Guidelines provision.").

Second, our precedent requires grouping in this case. When addressing the same Guidelines provision, we explained that a district court's finding that certain exploitative conduct constituted a pattern enhancement "require[d] grouping under U.S.S.G. § 3D1.2(c)." *United States v. Ketcham*, 80 F.3d 789, 794 (3d Cir. 1996).[5]

The government argues that *Ketcham* is inapplicable for three reasons. First, the government contends that *Ketcham* is irrelevant because it did not involve a production count. But the underlying offense does not change the interaction between § 3D1.2(c) and § 2G2.2(b)(5).

Next, the government argues that *Ketcham*'s statements about grouping are dicta because we held that the district court had improperly applied the pattern enhancement that triggered the grouping requirement. *Ketcham*, 80 F.3d at 795. The appeal specifically challenged the District Court's grouping of counts. *See id.* at 790. We reached the pattern-enhancement issue in

---

[5] Although *United States v. Ketcham* addressed U.S.S.G. § 2G2.2(b)(4), that provision contained the exact language as the current § 2G2.2(b)(5). *Compare* 80 F.3d 789, 793 (3d Cir. 1996), *with* U.S.S.G. § 2G2.2(b)(5).

the alternative only because the District Court properly grouped the counts. But even if *Ketcham*'s statements were dicta, the case shows that the plain language of the Sentencing Guidelines requires grouping of counts in a case like Aguirre-Miron's.

Lastly, the government asserts that it was not Aguirre-Miron's production *counts* that led to the pattern enhancement, but rather it was the *conduct* underlying those counts. Although the PSR could be read as supporting this approach, the grouping requirement is not triggered merely by *conduct*. Rather, it is triggered "[w]hen one of the *counts* embodies conduct that is treated as a specific offense characteristic." U.S.S.G. § 3D1.2(c) (emphasis added). For this reason, the government's argument fails.

## C

An error affects a defendant's substantial rights under *Olano* prong three if the defendant "show[s] a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles*, 138 S. Ct. at 1904–05 (internal quotation marks and citation omitted). Yet, even though the defendant ordinarily carries the burden of persuasion, "[w]hen [he] is sentenced under an incorrect Guidelines range—whether or not [his] ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient" to satisfy the third prong of plain-error review. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).[6] "Absent unusual circumstances," the

---

[6] Based on this precedent, it is irrelevant that the District Court granted a downward variance and sentenced Aguirre-Miron

8

defendant need not show more than that he was sentenced under a plainly erroneous Guidelines range. *Id.* at 1347.

So, in the context of an unpreserved objection to a plainly incorrect Guidelines range at sentencing, we *presume* prejudice. The government is then "free to point to parts of the record—including relevant statements by the judge—to counter any ostensible showing of prejudice the defendant may make." *Id.* (internal quotation marks and citation omitted).

The government raises two arguments that unusual circumstances show that Aguirre-Miron's substantial rights were not affected by the District Court's plainly erroneous Guidelines calculation.

First, the government argues that grouping is inappropriate because the harms arising from Aguirre-Miron's production counts and receipt and possession counts are different. But this argument fails because, under § 3D1.2, counts involve "substantially the same harm" if they embody conduct that is a specific offense characteristic of another count. *See* U.S.S.G. § 3D1.2(c).

Second, the government asserts that, had Aguirre-Miron raised his grouping objection during sentencing, it "would have argued that [§] 3D1.2(c) only required grouping of two of the production counts, as only two instances were required to support application of the pattern enhancement." Appellee's Br. 37. But this counterfactual lacks a basis in the record. So we will not consider it for the first time on appellate review.

under the Guidelines range he now asks for (360 months to life imprisonment).

The government thus fails to point to record evidence to overcome the presumption that the District Court's plain sentencing error affected Aguirre-Miron's substantial rights.

**D**

Having found that the District Court committed a plain error that affected Aguirre-Miron's substantial rights, we must decide whether to exercise our discretion to cure the plain error. We may exercise our discretion if an error "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Rosales-Mireles*, 138 S. Ct. at 1905 (citation omitted).

Here, the District Court sentenced Aguirre-Miron under an incorrect sentencing Guidelines range. A citizen might bear a "diminished view of the judicial process and its integrity if courts refused to correct" this kind of plain error. *Id.* at 1908. And "correcting sentencing errors is far less burdensome than a retrial, or other jury proceedings," and does not demand "such a high degree of caution." *United States v. Payano*, 930 F.3d 186, 199 (3d Cir. 2019) (quoting *Rosales-Mireles*, 138 S. Ct. at 1909) (internal quotation marks omitted). Because the District Court's plain error does not upset a jury's verdict, affects only sentencing, and can be fixed on remand without taxing the District Court, we will exercise our discretion to cure the plain error.

\*     \*     \*

Because we exercise our discretion to cure the District Court's plain error, we will vacate the District Court's sentence and remand for resentencing.