**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1721
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER SUAREZ,
                                        Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No. 4:19-CR-0121)
District Court Judge: Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2022


(Filed   May 9, 2022)

Before:  HARDIMAN, RENDELL, and FISHER, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Christopher Suarez pleaded guilty to the production and distribution of child pornography and received a sentence of 360 months in prison. On appeal, he claims that such a sentence was both procedurally and substantively unreasonable. We discern no such errors in the District Court's sentence, and we will therefore affirm its judgment.

I.

In April 2019, following an investigation conducted by the Federal Bureau of Investigation, Suarez was indicted for the production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). He entered a written plea agreement with the Government the following February. A few months later, he pleaded guilty to the first count of the indictment, and the District Court accepted his plea.

Before Suarez's sentencing the Office of Probation filed its Presentence Investigation Report ("PSR"). The PSR documented, among other things, the seriousness of Suarez's conduct, his limited criminal history, his difficult childhood, and his history of treatment and issues related to his mental health. The Office of Probation determined that Suarez possessed a Total Offense level of 42, a Criminal History Category of I, and a Guidelines term of imprisonment of 360 months.[1] It did not identify any factors that supported departing from the Guidelines term of imprisonment.

---

[1] The resulting Guidelines range was 360 months to life, but, because the statute authorizes a maximum sentence of 30 years, the Guidelines term of imprisonment was 360 months.

The Office of Probation supplemented the PSR with three addenda. In the first addendum, the Office of Probation responded to Suarez's objection to its application of the five-level enhancement under U.S.S.G. § 4B1.5 for a repeat and dangerous sex offender against minors. The second and third addenda contained psychological assessments of Suarez conducted by Dr. Robert Stein and Dr. Frank Dattilio, respectively. Both doctors diagnosed Suarez with psychological disorders and determined he met the requirements to be classified as a sexually violent predator. Dr. Dattilio, who detailed Suarez's difficult childhood, familial history of mental illness, and own history of mental-health issues in his evaluation, also recommended that the District Court impose a sentence that would enable Suarez to receive sex-offender and mental-health treatment during his incarceration.

Suarez responded to the PSR with his sentencing memorandum. In this memorandum, he conceded that the PSR properly calculated the Guidelines term of imprisonment as 360 months, abandoning his earlier objection, and urged the District Court to impose a sentence of 180 months in prison based on its consideration of the factors enumerated in 18 U.S.C. § 3553(a) (the "section 3553(a) factors"). He submitted that a 180-month term of imprisonment was appropriate and would provide sufficient time for him to receive the treatment recommended by Dr. Dattilio.

The District Court conducted Suarez's sentencing in March 2021. After establishing that there were no objections to the PSR nor motions for departure, it adopted the PSR's factual findings and calculation of the Guidelines term of imprisonment. At the Court's invitation, Suarez's counsel addressed the Court, for the

3

most part, explaining that Suarez understood the seriousness of his crimes, stressing

Suarez's troubled childhood and mental-health issues, and urging the Court to take

Suarez's need for treatment into account when considering where he should be

incarcerated.  Suarez declined the opportunity to address the Court directly.  After the

District Court explained that it considered the section 3553(a) factors, it sentenced Suarez

to a term of imprisonment of 360 months.  It also adopted Dr. Dattilio's recommendation

and designated Suarez to be incarcerated in a facility where he could receive sexual-

offender and mental-health treatment.  The District Court concluded the hearing when

neither the Government nor Suarez raised any further issues.

Suarez timely appealed.

## II.[2]

"[A]ppellate review of sentencing decisions is limited to determining whether they

are 'reasonable.'"  *Gall v. United States*, 552 U.S. 38, 46 (2007).  We conduct this review

in "two stages."  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

"First, we ensure that the district court committed no significant procedural error,"

including "failing to consider the § 3553(a) factors."  *United States v. Merced*, 603 F.3d

203, 214 (3d Cir. 2010) (internal quotation marks and citations omitted).  If we detect a

procedural error, we proceed no further and "remand the case for re-sentencing."  *Id.*  If

not, we consider "the substantive reasonableness of the sentence."  *Id.*  In this "highly

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

deferential" review, we affirm a district court's sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* (quoting *Tomko*, 562 F.3d at 568).

Suarez appeals his sentence, raising two claims of error: (1) the District Court committed procedural error by failing to meaningfully consider mitigating evidence when it weighed the section 3553(a) factors; and (2) Suarez's sentence to a 360-month term of imprisonment was substantively unreasonable given that Dr. Dattilio had recommended that Suarez could complete his sexual-offender and mental-health treatment during a 180-month term of imprisonment.

A. *Procedural Reasonableness*

A sentence is procedurally reasonable if the record "demonstrate[s] that the district court gave meaningful consideration to the § 3553(a) factors." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). "Because of the fact-bound nature of each sentencing decision, there is no uniform threshold for determining whether a court has supplied a sufficient explanation." *Merced*, 603 F.3d at 215 (internal quotation marks and citation omitted). At minimum, a sentencing court must do more than recite the factors if "at sentencing either [the] defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis)[.]" *Tomko*, 562 F.3d at 567 (internal quotation marks and citation omitted).

Although we ordinarily employ an abuse-of-discretion standard when reviewing a sentence for procedural error, under our decision in *United States v. Flores-Mejia*, we review the sentence for plain error if the defendant failed to raise this objection during

5

sentencing. 759 F.3d 253, 256 (3d Cir. 2014) (en banc); *see also United States v. Aguirre-Miron*, 988 F.3d 683, 688 (3d Cir. 2021). At his sentencing hearing, Suarez did not object, so he bears the burden of establishing that there was "(1) an error, (2) that [was] plain, and (3) that the plain error affect[ed] his substantial rights." *Aguirre-Miron*, 988 F.3d at 687.

Suarez cannot carry this burden. He claims that the District Court failed to consider nine mitigating facts—most of which pertain to his childhood, difficult adult life, and his personal and familial history of mental illness—included in Dr. Dattilio's assessment of Suarez and explained its assessment of the section 3553(a) factors in general terms. Neither the Court's failure to discuss these mitigating facts nor its, at times, generalized discussion of the section 3553(a) factors establishes that the District Court erred, let alone committed plain error. *See Aguirre-Miron*, 988 F.3d at 688 (explaining that an error is "plain" when it is "clear or obvious" (internal quotation marks and citations omitted)).

When applying the section 3553(a) factors, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). It "need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that [it] took the factors into account in sentencing[.]" *Kononchuk*, 485 F.3d at 204. When the court "decides simply to apply the Guidelines," it need only provide a brief explanation for its sentence. *Rita*, 551 U.S. at 356-57. Here, the District Court addressed each relevant factor in turn,

6

succinctly explained its application of each, and imposed the Guidelines term of imprisonment. Such brevity does not amount to plain error. *See id.* at 359 ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.").

What is more, Suarez never argued before the District Court that these nine mitigating facts justified a departure from a Guidelines sentence. Although he mentioned several of these facts in his Sentencing Memorandum, he urged the Court to impose a 180-month term of imprisonment due to his limited criminal history and the fact that he could complete Dr. Dattilio's recommended courses of treatment during such a sentence. At his sentencing too, Suarez raised these factors without ever fashioning them into an argument for a lower sentence. Had he presented such an argument, we would expect the District Court to discuss these mitigating facts in greater depth. *See Merced*, 603 F.3d at 215 ("[I]f a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court may not ignore it."). Yet we cannot hold that it erred by failing to address an argument Suarez never made.

Although it "might have said more," the "context and the record make clear" that the District Court meaningfully considered the section 3553(a) factors and viewed neither Suarez's need for treatment nor his troubled background as justifying a significant downward departure from the Guidelines term of imprisonment. *Rita*, 551 U.S. at 359. Accordingly, the District Court did not procedurally err.

7

B. *Substantive Reasonableness*

Because Suarez's sentence is "procedurally sound," we will vacate his sentence as substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568. He faces a particularly tall order because we "may presume that [a] sentence [within the Guidelines range] is reasonable." *United States v. Handerhan*, 739 F.3d 114, 119-20 (3d Cir. 2014); *see also United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020).

For the most part, Suarez's claims of substantive error challenge the District Court's weighing of the section 3553(a) factors, echoing his claims of procedural error. We seldom entertain such challenges. *Seibert*, 971 F.3d at 402 ("As we have previously explained, a district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable." (internal quotation marks and citation omitted)). And we refrain for good reason: "the district court's superior vantage point compels us to give due deference to [its] determination that the § 3553(a) factors, on a whole, justify the sentence." *Merced*, 603 F.3d at 214 (alteration in original) (internal quotation marks and citation omitted). Given that the District Court committed no procedural error, *United States v. Thornhill*, 759 F.3d 299, 314 (3d Cir. 2014) (summarily rejecting the defendant's claim of substantive error after finding no procedural error), and it imposed a Guidelines term of imprisonment, *see Seibert*, 971 F.3d at 402 (rejecting the argument that a sentence within the Guidelines

8

range was substantively unreasonable), we conclude the District Court's sentence was substantively reasonable.

III.

For these reasons, we will affirm the District Court's judgment.