NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

No. 24-2451

_____

UNITED STATES

v.

ANTUANE GREGORY,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cr-00586-001)
District Judge: Honorable Zahid N. Quraishi

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on June 10, 2025

Before: KRAUSE, PORTER, and AMBRO, *Circuit Judges*

(Opinion Filed: July 23, 2025)

---

## OPINION*

---

AMBRO, *Circuit Judge*

At sentencing for an escape charge, the District Court gave Antuane Gregory the statutory maximum of 60 months. It did so because Gregory committed the same crime during his escape as put him in prison in the first place: possessing a firearm after a felony conviction. The Court reasoned that the more than four-year sentence from which he escaped had not been enough to deter him from future criminal behavior, so it increased the sentence. On appeal, Gregory raises procedural-error claims and contests the substantive reasonableness of his sentence. None of his arguments is persuasive, so we affirm.

## I

In 2018, the District Court sentenced Gregory to 54 months' imprisonment and 3 years' supervised release for a conviction as felon in possession of a firearm. In March 2022, while on supervised release, Gregory left a halfway house for an approved home visit and failed to return. A federal warrant was issued for his arrest. In April 2023, after an investigation for a homicide charge, Gregory was apprehended and arrested. He pled guilty to the federal-escape charge and admitted to discharging a firearm after his escape.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

At sentencing, Gregory requested a range of 12 to 18 months. The Government proposed a sentencing range of 27 to 33 months, which the Probation Office also recommended. The District Court adopted the Government's proposed Guidelines range, but it departed from that range to sentence Gregory to the statutory maximum of 60 months. It explained:

> [T]he sentencing guidelines don't properly consider the egregious facts of this case where you have a defendant who absconds, doesn't complete his sentence, and then is committing the very same crime that we sentenced him for, [and] doesn't seem to have much remorse about it, because he doesn't even complete his presentence interview with probation.

JA 57. And it later commented:

> I appreciate that the guidelines do take into consideration Mr. Gregory committing another crime while he's absconded. What it doesn't appreciate, which I think is critical in this case, is that he committed the very same crime of the underlying sentence, which tells me Judge Sheridan sentencing him to 54 months doesn't mean anything to him. It does not deter him from getting a firearm. So how can I then say, I know what will stop him? I'll sentence him to 33 months or 21 months. I'll give Mr. Gregory a lower sentence. To me that borders the absurd. That logic doesn't connect.

App. 60.

The Court did not, however, discuss sentencing disparities. Gregory timely appealed.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We review preserved claims challenging the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558,

3

567 (3d Cir. 2009) (en banc). We review unpreserved claims of procedural error for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc).

## III

Gregory makes three arguments on appeal. First, he says the District Court procedurally erred by failing to make the Guidelines range the starting point of its sentencing analysis.[1] Second, he contends the Court overlooked sentencing disparities between himself and similarly situated defendants as required by § 3553(a)(6). Finally, he asserts that his sentence was substantively unreasonable. We disagree with each.

## A

The record belies Gregory's argument that the District Court failed to make the Guidelines the starting point for its sentence. On Gregory's reading, it made the 54-month sentence from which he escaped the starting point of its analysis rather than beginning with the Guidelines. Gregory relies on the Court's repeated emphasis that the sentence "d[id] not deter him from getting a firearm" or stop him from committing "the very same crime." JA 60. But the discretionary weight the Court gave these facts does not show it ignored the Guidelines or failed to use them as a starting point. In fact, it repeatedly acknowledged the Guidelines range of 27 to 33 months as "the advisory range" it adopted, *e.g.*, App. 51, recognizing it was giving a "greater sentence" than prescribed. JA 60. So Gregory's first argument fails.

---

[1] After advancing the argument in his opening brief, Gregory now concedes the District Court did not miscalculate his criminal history category.

**B**

Gregory next argues that the District Court ignored potential sentencing disparities between himself and similarly situated defendants. We review this unpreserved argument for plain error. *Flores-Mejia*, 759 F.3d at 258. To demonstrate that, Gregory must show: "(1) the district court erred; (2) the error was clear or obvious; and (3) the 'error affected [his] substantial rights,' which typically means that there is a reasonable probability that the error affected the outcome." *United States v. Foster*, 891 F.3d 93, 113 n.15 (3d Cir. 2018) (quoting *United States v. Stinson*, 734 F.3d 180, 184 (3d Cir. 2013)). "If all three conditions are met, we may exercise our discretion to correct the forfeited error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Aguirre-Miron*, 988 F.3d 683, 687 (3d Cir. 2021) (internal quotation marks and brackets omitted).

As for error, before granting "a large variance, [the District Court] should . . . explain[] why that variance would not contribute to unwarranted sentencing disparities pursuant to § 3553(a)(6)." *United States v. Merced*, 603 F.3d 203, 225 (3d Cir. 2010). Failure to do so can "constitute reversible procedural error, even where . . . the court engages in thorough and thoughtful analysis of several other sentencing factors." *Id.* at 224. "[T]his is especially true if the sentence falls outside of the Guidelines." *Id*. Gregory notes that between 2019 and 2023, 95% of the defendants with his total offense level and criminal history category who escaped from prison received sentences within or below the Guideline range. And Gregory's sentence is more than double the average sentence for

5

someone in his criminal history category. The District Court's failure to address these disparities was clear error.

But Gregory cannot show how this error affected the outcome. The District Court stated it was imposing the statutory maximum because of concerns about deterrence, reasoning the 54-month sentence from which Gregory escaped had not deterred him from future crime. As the Court explained, Gregory did not "have enough respect for the Court or the law to complete [his] sentence without committing" another offense, JA 54, and observed that his presentence interview had been terminated early because he was irate. It explained "the sentencing guidelines don't properly consider the egregious facts of this case." Given that explanation, Gregory has not shown a reasonable possibility that consideration of sentencing disparities would have changed its outcome.

### C

Even if "the district court's procedures are sound," we must "examine the substantive reasonableness of the sentence." *Merced*, 603 F.3d at 214. A sentence is substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. In effect, Gregory must show the District Court abused its discretion. *See United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006). He does not.

"[D]istrict judges are free to vary—one way or the other—from the advisory Guidelines, provided that those variations are reasonable under the circumstances." *United States v. Fisher*, 502 F.3d 293, 308 (3d Cir. 2007). "[W]hen the Guidelines range is too low to satisfy 18 U.S.C. § 3553(a), the district judge must explain why this is so and vary

6

upward." *Id.* "[A] major departure should be supported by a more significant justification than a minor one." *Tomko*, 562 F.3d at 571 (internal quotation marks omitted).

Gregory tells us the District Court's explanation does not justify the significant upward variance it imposed. He points out the Guidelines already accounted for his firearm possession after his escape, and he argues most offenders commit crimes consistent with their criminal history after escape—just like he did. So the Court's focus on deterrence does not justify its variance from the Guidelines. *See United States v. Olhovsky*, 562 F.3d 530, 547 (3d Cir. 2009) (explaining that focusing on a few sentencing factors "to the exclusion of other[s]" can make a sentence substantively unreasonable).

Again, this may be true. But Gregory does not show that no reasonable court would have imposed the same sentence for the reasons the District Court here provided. In similar circumstances, other courts have imposed the statutory maximum on escape charges or varied upward by even more than the District Court in this case. *See, e.g.*, *United States v. Lerma*, 123 F.4th 768, 771, 773 (5th Cir. 2024) (rejecting substantive-reasonableness challenge to 60-month sentence when Guidelines range was 4 to 10 months); *United States v. Perez*, No. 24-50027, 2024 WL 4824806, at *1 (5th Cir. Nov. 19, 2024) (same); *United States v. Morton*, 569 F. App'x 107 (3d Cir. 2014) (sentencing Morton to 42 months after the Government requested the statutory maximum and the Probation Office recommended 15 to 21 months). Gregory has not shown that, with his history of recidivism and violence, the District Court abused its discretion in sentencing him to the statutory maximum.

\*     \*     \*

For these reasons, we affirm.

7